FILED'09 SEP 01 15:24USDC-ORP

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

TYRONE BLOCKER,

        Plaintiff,

    v.                                ORDER

WELLS FARGO BANK,           Civil No. 08-1196-PK

        Defendant.

_____

HAGGERTY, District Judge:

       Magistrate Judge Papak referred to this court a Findings and Recommendation [39] in this matter. The Magistrate Judge recommends that defendant's Motion to Dismiss [8], Motion to Strike [12], Motion to Dismiss [14] plaintiff's First Amended Complaint, and Motion to Dismiss [22] plaintiff's Second Amended Complaint be denied as moot. The Magistrate Judge recommends that plaintiff's First Motion for Leave to File an Amended Complaint [18] be denied as moot and that plaintiff's Second Motion for Leave to File an Amended Complaint [26] be granted. The Magistrate Judge also recommends that defendant's Motion to Dismiss Plaintiff's Third Amended Complaint [29] be granted in part and denied in part, and that defendant's Second Motion to Strike [32] be denied. The parties filed timely objections. For the following reasons, this court adopts the Findings and Recommendation in part.

1  - ORDER

**STANDARDS**

When a party objects to any portion of a Findings and Recommendation, the district court must conduct a *de novo* review.  28 U.S.C. § 636(b)(1)(B); *McDonnell Douglas Corp. v. Commodore Bus. Mach. Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).  The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

**DISCUSSION**

Plaintiff, acting *pro se*, alleges that defendant investigated plaintiff for fraud, froze his bank account, and retained a portion of his funds because plaintiff is African American.  The Findings and Recommendation outlines this matter's history and its procedural posture, and the facts will not be repeated here.  The Magistrate Judge found that plaintiff's first three Complaints, and plaintiff's motions for leave to file them and defendant's motions to dismiss them, should be declared moot and recommended granting plaintiff's Motion for Leave to File a Third Amended Complaint and granting in part defendant's Motion to Dismiss plaintiff's Third Amended Complaint.

Plaintiff's Third Amended Complaint asserts claims for racial discrimination under 42 U.S.C.§§ 1981, 1982, and 2000a, and state law claims for the intentional infliction of emotional distress, fraud, invasion of privacy, and defamation.  The Magistrate Judge recommends dismissing plaintiff's § 2000a claim without prejudice, and dismissing plaintiff's fraud, and invasion of privacy claims with prejudice.

As a preliminary matter, plaintiff has filed a Motion to Strike [52] defendant's Objections to the Findings and Recommendation and a Motion to Hold Defendant's Objections to the

2  - ORDER

Findings and Recommendation in Abeyance [56]. Both of those motions are denied.

Defendant's objections to the Findings and Recommendation challenge the recommendation that plaintiff may advance with four of his claims. Defendant argues that plaintiff's § 1981 claim should be dismissed under the *McDonnell Douglas Corp. v. Green*, burden-shifting framework because defendant has identified a legitimate nondiscriminatory reason for defendant's actions. 411 U.S. 792, 802 (1973). Regardless of whether defendant has identified a legitimate reason for defendant's actions does not warrant dismissal of this claim. The *McDonnell Douglas* burden-shifting framework is relevant on a motion for summary judgment. However, at this stage, plaintiff need only state a legitimate claim for relief. Plaintiff has done so, and dismissal is inappropriate.

Defendant argues that plaintiff's § 1982 claim should be dismissed because the bank account at issue was not "property" for the purposes of § 1982. Defendant argues convincingly that there is no property interest in contractual rights under § 1982. However, this court agrees with the Magistrate Judge's conclusion that "[a]t a minimum, Blocker has a property interest in the funds deposited in his account, and he has clearly alleged that his property interests in those funds was impaired by Wells Fargo's actions." Findings and Recommendation at 14. Defendant provides no persuasive reasoning in support of its contention that plaintiff did not have a property interest in his own bank account's funds.

Defendant argues that plaintiff's intentional infliction of emotional distress and defamation claims should be dismissed. Defendant's arguments largely challenge the weight of plaintiff's evidence. At this stage, plaintiff need only articulate a legitimate claim for relief. Defendant also argues that the allegedly defamatory statements were made about defendant's

account rather than defendant himself, and that he consented to any defamatory statements. Defendant's arguments are without merit. This court adopts the Findings and Recommendation as it pertains to these two claims.

Plaintiff objects to the Magistrate Judge's recommendation that his fraud and invasion of privacy claims be dismissed with prejudice. Plaintiff contends that these claims should be dismissed without prejudice, because he believes he can correct the defects in his pleading. The Ninth Circuit upholds a "policy of liberal construction in favor of *pro se* litigants." *Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1998). "Consequently, we tolerate informalities from civil *pro se* litigants." *Id.* (citations omitted). While this court shares the Magistrate's concerns that plaintiff will not be able to cure the defects with regard to these two claims, this court will allow plaintiff to attempt to do so.

This court has conducted a *de novo* review of the entire record. This court's *de novo* review of the record supports adoption of the Findings and Recommendation in part. Plaintiff's Second Motion for Leave to File an Amended Complaint [26] is granted and defendant's Motion to Dismiss [29] plaintiff's Third Amended Complaint is granted in part and denied in part. Plaintiff's § 2000a, fraud, and invasion of privacy claims are dismissed without prejudice. Plaintiff may proceed with his remaining claims and has leave of the court to file a Fourth Amended Complaint in which he may attempt to cure the defects in the three claims dismissed without prejudice. All other pending motions are denied. At this time, the clerk is instructed to file as plaintiff's Third Amended Complaint, the proposed pleading filed in support of plaintiff's Second Motion for Leave to File an Amended Complaint [26]. If plaintiff files a Fourth Amended Complaint, plaintiff is instructed to file the complaint naming defendant by its proper

4  - ORDER

legal name.

## CONCLUSION

For the foregoing reasons, the court adopts the Findings and Recommendation [39] in part. Plaintiff's Second Motion for Leave to File an Amended Complaint [26] is GRANTED and defendant's Motion to Dismiss Plaintiff's Third Amended Complaint [29] is GRANTED IN PART and DENIED IN PART. All other pending motions are DENIED.

IT IS SO ORDERED.

DATED this __ day of September, 2009.

Ancer L. Haggerty
United States District Judge

5   - ORDER