FILED
AUG 09 2010

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TYRONE BLOCKER,
        Plaintiff,

v.

WELLS FARGO BANK,
        Defendant.

CV 08-1196-PK

OPINION AND ORDER

PAPAK, Magistrate Judge:

    Plaintiff *pro se* Tyrone Blocker filed this action against defendant Wells Fargo Bank[1] on October 14, 2008, alleging Wells Fargo's liability for racial discrimination and harassment pursuant to 42 U.S.C. §§ 1983 and 1985. On June 2, 2009, Blocker amended his complaint to allege Wells Fargo's liability for racial discrimination under 42 U.S.C. §§ 1981, 1982, and 2000a, for intentional infliction of emotional distress, for fraud, for invasion of privacy, for defamation of Blocker's business, and for defamation of Blocker in his own person. On that same date, I recommended that his claims for fraud and invasion of privacy be dismissed with prejudice and that his claims for violation of 42 U.S.C. § 2000a and for defamation of Blocker's business be

---

[1] The correct name of the entity served with summons in this action is Wells Fargo Bank Northwest, N.A.

Page 1 - OPINION AND ORDER

dismissed without prejudice. On September 1, 2009, Judge Haggerty adopted my recommendations, with the sole modification that Blocker's claims for fraud and invasion of privacy be dismissed without prejudice.[2] On September 15, 2009, Wells Fargo answered Blocker's amended complaint and filed a counterclaim for prevailing-party attorney fees pursuant to 42 U.S.C. § 1988(b) and (c).

Now before the court is Blocker's motion (#104) filed August 4, 2010, styled as a "Response to Defendant's Motion for Summary Judgment," which I construe as a motion for reconsideration of my disposition of his motion (#100) for extension of time in which to respond to Wells Fargo's motion (#89) for summary judgment. I have considered the motion and all of the pleadings on file. For the reasons set forth below, the motion is granted as set forth below.

## LEGAL STANDARD

An order that resolves fewer than all of the claims among all of the parties "is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." Fed. R. Civ. P. 54(b). Where reconsideration of a non-final order is sought, the court has "inherent jurisdiction to modify, alter or revoke it." *United States v. Martin*, 226 F.3d 1042, 1048-1049 (9th Cir. 2000). To succeed in a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986). Generally, "[r]econsideration is appropriate if the district court (1) is presented with

---

[2] Judge Haggerty dismissed Blocker's claims of fraud and invasion of privacy without prejudice based on Blocker's representation that he could cure the defects in his pleading of those claims by amendment. Blocker did not subsequently seek leave to amend his pleading, and those claims are not currently before the court.

newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah County, Oregon v. ACANDS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

## ANALYSIS

Wells Fargo filed its motion (#89) for summary judgment on May 26, 2010. On June 23, 2010, the court received a letter motion (#97) for extension of time in which to respond to Wells Fargo's motion, filed by Cynthia Thompson, who held herself out as holding Blocker's "power of attorney." I granted the motion by minute order (#98), and set the deadline for Blocker's response to Wells Fargo's motion to June 28, 2010.

On June 28, 2010, Blocker filed a second motion (#100) for extension of time in which to respond to Wells Fargo's motion. On July 2, 2010, Wells Fargo filed objections (#101) to Blocker's second motion for extension of time, in which Wells Fargo argued that the motion should not be granted because Blocker had failed to satisfy the "excusable neglect" standard of Federal Civil Procedure Rule 6(b)(1)(B) and because it was not supported by a sworn affidavit "as required by the Federal Rules of Civil Procedure." On July 9, 2010, I denied the motion by minute order (#103), stating that Blocker had "failed to establish 'excusable neglect' for his late-filed motion and [that the motion was] not properly submitted and supported by sworn affidavit." On August 4, 2010, Blocker filed a document (#104) styled as a response to Wells Fargo's dispositive motion, in which Blocker argues that I erred in failing to grant his second motion (#100) for extension of time, and does not address the merits of Wells Fargo's motion. I construe Blocker's filing of August 4, 2010, as a motion for reconsideration of my order of July 9, 2010.

Page 3 - OPINION AND ORDER

Motions to extend a court-ordered deadline are governed by Federal Civil Procedure Rule 6(b). Rule 6(b) provides, in relevant part, as follows:

> When an act may or must be done within a specified time, the court may, for good cause, extend the time:
>
> (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
>
> (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

Fed. R. Civ. P. 6(b)(1).

On reconsideration, I conclude that I erred by applying the "excusable neglect" standard of Rule 6(b)(1)(B) to Blocker's motion for extension of time. In support of its opposition to Blocker's motion, Wells Fargo advised the court that the motion was governed by Rule 6(b)(1)(B) because it was filed "on July [*sic*] 30, 2010, . . . after the second deadline for filing a response to the motion for summary judgment had lapsed." However, although the motion was *entered into the docket* on June 30, 2010, *see* Docket No. 100, it was *filed* June 28, 2010, *before* the response deadline had lapsed, *see id.* In consequence, Blocker was not required to meet the more exacting "excusable neglect" standard of Rule 6(b)(1)(B), but rather was required only to show "good cause" for the requested extension, as provided in Rule 6(b)(1).

Blocker's motion for extension of time was not supported by a sworn affidavit, and therefore was not supported by evidence establishing good cause for the requested extension. Nevertheless, as noted by Judge Haggerty in his order (#59) of September 1, 2009, "[t]he Ninth Circuit upholds a 'policy of liberal construction in favor of *pro se* litigants.' *Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1998). 'Consequently, we tolerate informalities from civil *pro se*

litigants.' *Id.*" Moreover, I note that Blocker's filing of filing of August 4, 2010, is expressly signed "UNDER PENALTY OF PERJURY." Docket No. 104 at 2. In his sworn statement of August 4, 2010, Blocker indicates that the conditions of his incarceration prevented him from complying with the June 28, 2010, deadline for responding to Wells Fargo's dispositive motion. In light of the procedural leeway afforded by the courts of the Ninth Circuit to *pro se* litigants (and in particular to incarcerated *pro se* litigants), I construe Blocker's sworn statement of August 4, 2010, as sufficient to establish good cause for granting Blocker's requested extension, and therefore grant Blocker's construed motion (#104) for reconsideration, and grant in part and deny in part Blocker's motion (#100) for extension of time as follows: Blocker shall have thirty days from the date hereof in which to file his response to Wells Fargo's motion for summary judgment, but his request for an additional sixty days to complete additional, unspecified discovery and to amend his complaint a second time are denied with leave to refile, if appropriate, following the court's disposition of Wells Fargo's dispositive motion.

## CONCLUSION

For the reasons set forth above, Blocker's construed motion (#104) for reconsideration is granted, and Blocker's motion (#100) for extension of time is granted in part and denied in part as set forth above. Blocker's response to Wells Fargo's motion for summary judgment shall be due by September 8, 2010. Wells Fargo's reply to Blocker's response shall be due by September 22,

/ / /

/ / /

/ / /

2010. Wells Fargo's motion for summary judgment shall be reset to the under advisement calendar of September 23, 2010.


Dated this 9th day of August, 2010.

/s/ Paul Papak
Honorable Paul Papak
United States Magistrate Judge

Page 6 - OPINION AND ORDER