FILED*11 MAR 30 15:50USDC-ORP

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

TYRONE BLOCKER,                                    Civil No. 08-1196-PK

    Plaintiff,                                              ORDER

    v.

WELLS FARGO BANK,

    Defendant.

HAGGERTY, District Judge:

    Magistrate Judge Papak has issued a Findings and Recommendation [134] in this action. The Magistrate Judge recommends granting in part and denying in part defendant's Motion for Summary Judgment [89]. Plaintiff timely filed objections. Defendant Wells Fargo Bank (WFB) filed responses to plaintiff's objections, and moved to strike the affidavits accompanying plaintiff's objections. For the following reasons, the Findings and Recommendation is adopted in part, and WFB's Motion to Strike Affidavits [147] is denied.

1 -- ORDER

**STANDARDS**.

When a party objects to any portion of a Findings and Recommendation, the district court must conduct a *de novo* review of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1)(B); *McDonnell Douglas Corp. v. Commodore Bus. Mach. Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

**DISCUSSION**

The Findings and Recommendation detailed the factual history of this matter and summarized the legal standards relevant to the issues in this case. These summaries are adopted.

1.  **Motion to Strike**

WFB moves to strike two affidavits filed in support of plaintiff's objections to the Findings and Recommendation as untimely and irrelevant. WFB correctly asserts that plaintiff has cited no legal authority in support of his attempt to supplement the summary judgment record during a *de novo* review. However, this court must follow the Ninth Circuit's "policy of liberal construction in favor of *pro se* litigants." *See Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1998). Accordingly, this court will consider the affidavits filed in support of plaintiff's objections. WFB's Motion to Strike Affidavits [147] is DENIED.

2.  **Objections to Findings and Recommendation**

Plaintiff raises a number of objections to the Findings and Recommendation. Plaintiff asserts that he should not be bound by WFB's Consumer Account Agreement (Agreement) because he never received, read, or signed the document. Objections at 2. However, the Consumer Account Application that plaintiff signed on September 18, 2007 stated that plaintiff "received a copy of the applicable account agreement and privacy brochure and agree[d] to be

2 -- ORDER

bound by them." Byrum Decl. at Ex. 1. Because plaintiff has offered no evidence of fraud or misrepresentation, plaintiff remains bound by the Agreement regardless of whether he read it. *Union Oil Co. of Cal. v. Lull*, 349 P.2d 243, 247 (Or. 1960); *Operating Eng'rs Pension Trust v. Cecil Backhoe Serv., Inc.*, 795 F.2d 1501, 1505 (9th Cir. 1986) ("A party who signs a contract is bound by its terms regardless of whether he reads it or considers the legal consequences of signing it."). Plaintiff's contention that he should not be bound to the Agreement because he signed a "computer generated signature pad" rather than a written document is rejected. *See Beard v. Paypal*, No. Civil No. 09-1339-JO, 2010 WL 654390, at *1-2 (D. Or. Feb. 19, 2010) (holding that absent a showing of fraud, a party remains bound by the terms of an agreement that he consents to simply by clicking on a dialog box).

Alternatively, plaintiff appears to argue that if the Agreement is binding, WFB failed to follow its required procedures when it refused to release plaintiff's funds to his power of attorney, claimed that "plaintiff was in big trouble," and then launched a fraud investigation without contacting federal, state, or local authorities. Objections at 2-7. Plaintiff also asserts that because WFB allowed plaintiff to deposit third-party tax returns into his account between 2005 and 2007, it had no reasonable basis for freezing his account following the most recent deposit of third-party tax returns. *Id.* at 2-3.

The court has thoroughly reviewed plaintiff's objections, the accompanying affidavits, and the entire record. Notwithstanding plaintiff's objections, the Agreement does not provide for the procedures outlined by plaintiff. Byrum Decl. at Ex. 2. Additionally, although plaintiff submitted bank statements showing that thirteen deposits were made into his account between 2005 and 2006, these deposits do not appear to be third-party tax refunds. *Compare* Pl.'s Resp.

[114] at Ex. B (showing unnamed deposits) *with* Byrum Decl. at Ex. 3 (showing deposits in 2008 titled "Tax Refund" and listing third-party's name). Plaintiff's objections are rejected.

### A.     Discrimination claims under Section 1981 and Section 1982

Plaintiff objects to the Magistrate Judge's finding that WFB was not motivated by racial animus when it froze plaintiff's account. As found by the Magistrate Judge, WFB has submitted evidence showing that it had a legitimate, non-discriminatory reason for freezing plaintiff's account. Accordingly, plaintiff now bears the burden to offer evidence from which a reasonable factfinder could conclude that WFB's proffered reason was pretextual. Findings & Recommendation at 15-17 (citations omitted). Plaintiff has failed to offer any evidence of pretext.

### B.     Intentional infliction of emotional distress

Plaintiff disputes that he had an arm's-length contractual relationship with WFB, and asserts that WFB's conduct was illegal, criminal, and was inflicted against a vulnerable person. Objections at 8. However, because plaintiff has failed to establish any evidence of intent or that WFB's actions constituted socially intolerable conduct, plaintiff's claim fails as a matter of law.

### C.     Defamation

Plaintiff objects to the dismissal of his defamation claim on the grounds that WFB's qualified privilege or "contractual obligation" should have ended when it encountered plaintiff's mother, his designated power of attorney. Objections at 9-10. Even though plaintiff's mother met with WFB on March 10, 2008, the evidence indicates that she sought to withdraw funds from the account and did not provide an explanation for the potentially fraudulent deposits to WFB. *See* Affidavit of Jean Blocker [115-1]; Affidavit for Cynthia Thompson [115-1]. WFB therefore retained a reasonable basis to believe that its allegedly defamatory statements were true

4 -- ORDER

and were made with the intent to defend its interests. Accordingly, the Magistrate Judge properly determined that a qualified privilege protects WFB from liability under plaintiff's defamation claim.

### D.     Other claims

Plaintiff has not objected to the Magistrate Judge's findings regarding the validity of the Agreement and plaintiff's failure to identify an impairment in his contractual relationship under Section 1981. *See* Finding and Recommendation at 11-14 (dismissing plaintiff's arguments that the Agreement was unconscionable or fraudulent). The court has reviewed the unchallenged aspects of the Findings and Recommendation and finds no clear error. *See Campbell v. U.S. Dist. Ct.*, 501 F.2d 196 (9th Cir. 1974). These findings are adopted.

As thoroughly explained in the Findings and Recommendation, plaintiff's failure to provide sufficient evidence in support of his claims will result in summary judgment for WFB and the dismissal of his lawsuit. Accordingly, plaintiff must be notified of the requirements for opposing summary judgment and the effect of an order granting judgment for the defendant. *See Rand*, 154 F.3d at 960-61. Therefore, this Order provides the requisite warnings to which *pro se* litigants are entitled. Plaintiff is given thirty days from the date of this Order to file supplemental objections with this court that respond to WFB's motion for summary judgment. Plaintiff may file additional affidavits in support of his response.

### 3.      NOTICE-WARNING

**This Notice is Required to be Given to You by The Court**

WFB filed a motion for summary judgment by which it seeks to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

5 -- ORDER

Rule 56 instructs you what you must do in order to oppose a motion for summary judgment. These instructions include the guidance to respond to WFB's motion with argument, affidavits, and other evidence.

Summary judgment must be granted when there is no genuine dispute of material fact—that is, if there is no real dispute about any fact that would affect the result of your case—the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in depositions, authenticated documents, affidavits or declarations, stipulations, admissions, interrogatory answers, or other materials, as provided in Rule 56(c), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine dispute of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

The Magistrate Judge has recommended granting summary judgment in favor of WFB on all of your claims, and denying summary judgment on WFB's claim for fees. To survive summary judgment, you are provided an opportunity to file a supplemental response setting out specific facts that contradict WFB's documents, and show that a genuine dispute of material fact exists regarding each of your claims. You are granted thirty days to file supplemental objections in opposition to the Findings and Recommendation (which recommends granting summary judgment) and any affidavits in support of your claim. If you fail to produce evidence in support of your claim, your Complaint will be dismissed.

6 -- ORDER

## CONCLUSION

The Findings and Recommendation [134] is adopted in part. Plaintiff is granted thirty days to file supplemental objections that refute defendant's summary judgment and any supporting affidavits. If plaintiff fails to file a response, or fails to produce sufficient evidence, the Findings and Recommendation will be adopted in its entirety.

IT IS SO ORDERED.

DATED this 30 day of March, 2011.

*[signature]*
Ancer L. Haggerty
United States District Judge

7 -- ORDER