FILED 05 MAY '11 16:06 USDC-ORP

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

TYRONE BLOCKER,                                    Civil No. 08-1196-PK

    Plaintiff,                                      ORDER

v.

WELLS FARGO BANK,

    Defendant.

HAGGERTY, District Judge:

On March 30, 2011, this court issued an Order partially granting the Findings and Recommendation [134] in this case. The Order also notified plaintiff of the requirements for opposing summary judgment, and the effect of an order granting judgment for the defendant. *See* Order at 5-7 (citing *Rand v. Rowland*, 154 F.3d 952, 960-61 (9th Cir. 1998)). After issuing the warning, this court provided plaintiff with thirty days to file supplemental objections to the Findings and Recommendation, and an opportunity to submit any additional evidence in opposition to defendant's motion for summary judgment.

Plaintiff filed Supplemental Objections and an accompanying declaration on April 18, 2011. Defendant needed no opportunity to file a response to plaintiff's Supplemental Objections

1 -- ORDER

because plaintiff has failed to demonstrate a genuine dispute as to any material fact in his filings. After reviewing the entire record, including plaintiff's Supplemental Objections and declaration, this court concludes that the Findings and Recommendation must be adopted in its entirety.

Plaintiff has identified no evidence in support of his tort claims, and has raised no objections to the Magistrate Judge's finding that those claims fail as a matter of law. Plaintiff also has not objected to the Magistrate Judge's denial of defendant's request for prevailing party attorney fees. The court finds no clear error in these unchallenged findings, and therefore adopts those aspects of the Findings and Recommendation. *See Campbell v. U.S. Dist. Ct.*, 501 F.2d 196 (9th Cir. 1974).

In his Supplemental Objections, plaintiff reiterates his argument that he should not be bound by defendant's Consumer Account Agreement (Agreement) because he was never given a copy of it, and was unaware that when he signed a computer pad, his signature would be superimposed onto the Agreement. Even if this court accepts the assertion that plaintiff's assent to the Agreement was fraudulently induced, and that defendant lacked an express contractual right to freeze plaintiff's bank account, the Magistrate Judge properly concluded that defendant offered a legitimate, non-discriminatory reason for its actions. Findings and Recommendation at 15, 17. The burden therefore rested with plaintiff to offer evidence that defendant's proffered reason was merely pretextual. *Surrell v. Cal. Water Serv. Co.*, 518 F.3d 1097, 1106 (9th Cir. 2008).

In addition to warning about the effect of summary judgment, this court directed plaintiff to offer evidence from which a reasonable fact-finder could conclude that defendant's proffered reason was pretextual. Plaintiff, however, has failed to offer any evidence of pretext.

Accordingly, his racial discrimination claims under 42 U.S.C. §§ 1981 and 1982 do not survive summary judgment.

## CONCLUSION

The Findings and Recommendation [134] is adopted in its entirety. Defendant's Motion for Summary Judgment [89] is granted as to each of plaintiff's claims in this action, and denied as to defendant's counterclaim for fees. Plaintiff's claims are dismissed with prejudice. All pending motions are denied as moot.

IT IS SO ORDERED.

DATED this 5 day of May, 2011.

_____
Ancer L. Haggerty
United States District Judge

3 -- ORDER